1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EUGENE FRANCIS KORTE,

11            Plaintiff,                    No. CIV S-07-1941 LEW EFB PS

12        vs.

13    MONTE SELLS (dec'd) & DANIELLE
      SELLS ANDERSON,                       FINDINGS AND RECOMMENDATIONS

14
              Defendants.
15    _____/

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17    undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On October 3,

18    2007, the court granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

19    § 1915, and dismissed his complaint with leave to amend.[1]

20        Determining plaintiff may proceed *in forma pauperis* does not complete the required

21    inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time

22    if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails

23    to state a claim on which relief may be granted, or seeks monetary relief against an immune

24    defendant.

25    _____

26        [1] The caption for that order erroneously identified plaintiff.  However, the order itself
      appropriately addressed the complaint filed in this action.

                                              1

1    The court dismissed the original complaint based on plaintiff's failure to comply Fed. R.

2    Civ. P. 8(a).  In particular, no jurisdictional basis appeared on the face of the complaint and the

3    court was unable to discern what, if any, claims plaintiff alleged.  The court explained the

4    deficiencies of the original complaint and cautioned plaintiff that failure to file an amended

5    complaint consistent with the court's October 3, 2007, order would result in a recommendation

6    that the action be dismissed.

7    On November 1, 2007, plaintiff timely filed an amended complaint, and a form entitled

8    "Request for Accommodations by Persons with Disabilities."  By that form, plaintiff requested

9    an "extension of time to properly formulate and file amended complaint as per order dated

10   October 2, 2007."  Because plaintiff has already timely filed an amended complaint as ordered,

11   the court finds this request for an extension of time to be moot.  Turning to the amended

12   complaint, the court further finds that it fails to correct the deficiencies of the original complaint,

13   and again fails to comply with Fed. R. Civ. P. 8, or to state a claim for which relief may be

14   granted.

15   Although the amended complaint now alleges federal subject matter jurisdiction pursuant

16   to 42 U.S.C. § 1983, plaintiff fails to allege facts sufficient for the court, or the named

17   defendants, to discern which claims plaintiff seeks to redress.

18   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

19   520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the

20   Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

21   statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

22   fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v.*

23   *Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41

24   (1957)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

25   more than labels and conclusions, and a formulaic recitation of a cause of action's elements will

26   not do.  Factual allegations must be enough to raise a right to relief above the speculative level

2

1   on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

2         Here, although plaintiff invokes 42 U.S.C. § 1983, he does not allege that any of the

3   named defendants acted under color of law while violating a federal constitutional or statutory

4   right. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, a plaintiff must

5   allege a violation of a federal constitutional or statutory right and that the violation was

6   committed by a person acting under the color of state law.).

7         Further, although plaintiff alludes to the Americans with Disabilities Act, he alleges no

8   facts giving rise to a cause of action thereunder.  Plaintiff alleges that he has filed the amended

9   complaint "as a representative of the class of people protected by the Americans With

10  Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*)."  First Amended Complaint ("FAC"), at

11  2:19-21.  Plaintiff further alleges that he suffers from a disability of "substance abuse in

12  remission – 26 years; clinical depression; personality disorder – NOS; dysthymia, etc."  FAC, at

13  3:15-17.  However, plaintiff alleges no specific facts giving rise to a cause of action, nor does he

14  attribute any facts – actionable or otherwise – to the defendants listed in the caption of the first

15  amended complaint.

16        Upon review of the complaint, the court has determined that it fails to comply with Rule

17  8(a)(2), as it fails to set forth a short and plain statement showing entitlement to relief, and, as

18  such, fails to state a claim for which relief may be granted.

19        The court previously gave plaintiff notice of the deficiencies of the original complaint,

20  and granted him leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

21  banc) (district courts must afford pro se litigants an opportunity to amend to correct any

22  deficiency in their complaints).  Plaintiff has failed to correct those deficiencies.  Accordingly,

23  the court recommends that this action be dismissed without further leave to amend.  For these

24  same reasons, the court recommends that plaintiff's request for appointment of counsel be

25  denied. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (allowing appointment of

26  counsel only where exceptional circumstances exist, including a likelihood that plaintiff will

1  succeed on the merits).

2       In accordance with the foregoing, IT IS RECOMMENDED that:

3       1.  This action be dismissed without further leave to amend;

4       2.  Plaintiff's renewed request for appointment of counsel be denied; and,

5       3.  The Clerk be directed to close this case.

6       These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within ten (10) days after service of the objections.  The parties are

12  advised that failure to file objections within the specified time may waive the right to appeal the

13  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

14  951 F.2d 1153, 1157 (9th Cir. 1991).

15  DATED:  February 11, 2008.

16              EDMUND F. BRENNAN

17              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26